IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-00009GCM

| MEDICAL FACETS NC LLC, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| MEDICAL FACETS LLC, | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion to Dismiss Counts I and III of Plaintiff's Amended Complaint.

**Factual Background:**

On February 10, 2011, Plaintiff, Medical Facets NC LLC, and Defendant, Medical Facets LLC, entered into a Technology License Agreement (hereinafter "TLA"), which granted the Plaintiff temporary license to sell and use medical faceted screws in exchange for providing Defendant with (a) a cash payment of $100,000.00, (b) a $250,000.00 promissory note, and (c) the payment of royalty fees from the net sales upon the commencement of business and sales of the licensed technology. (Am. Compl. ¶¶ 7-9 and Ex. A). Following the execution of the TLA, Plaintiff alleges that it has worked to bring Defendant's licensed technology to market and consulted with Defendant on numerous occasions regarding improvements and patent issues related to the development of medical applications for faceted screw technology. (*Id.* at ¶¶ 19-20, 30-31). Plaintiff alleges that Defendant has relentlessly worked to stymy Plaintiff's efforts to manufacture and sell the licensed technology. Defendant has made numerous bad faith assertions of breach and demanded unlawful payments from Plaintiff throughout 2012 and 2013, all with

1

the apparent intent of rewriting the parties' agreement to give Defendant even more than the substantial money that it has already received and will continue to receive under the TLA. (*Id.* at ¶¶ 14-25, 29-43). Plaintiff alleges that Defendant's threats and demands related to the use of the licensed technology have caused Plaintiff to expend substantial resources and lose valuable time in getting its start-up business up and running. (*Id.* at ¶¶ 45, 49, 51, 58). Plaintiff filed its First Amended Complaint (the "Amended Complaint") seeking a declaratory judgment that Plaintiff has not breached the TLA and seeking damages caused by Defendant's own breach of contract, breach of the covenant of good faith and fair dealing, and unfair and deceptive trade practices. Defendant has moved pursuant to Rule 12(b)(6) to dismiss Plaintiff's claims for breach of contract (Count I) and for unfair and deceptive trade practices (Count III).

**Standard for 12(b)(6) motions:**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009). A complaint, therefore, must allege each necessary element of the claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007). Determining whether a complaint meets this standard follows a "two-pronged approach." *Iqbal*, 556 U.S. at 679.

First, the court begins by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Moreover, a court should not assume the truth of "bald allegations" or legal conclusions. *Id.* at 678-681 (discussing that the Federal Rules of Civil Procedure "do not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions").

Once the court eliminates conclusory pleadings, the court determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Id.* at 679. The allegations must suffice to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[T]o survive a motion to dismiss, the complaint 'must state a plausible claim for relief' that 'permits the court to infer more than the mere possibility of misconduct' based upon 'its judicial experience and common sense.'" *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010).

**Discussion**

    **I.    Breach of Contract:**

The court will first address Defendant's Motion to Dismiss Plaintiff's breach of contract claim. Under North Carolina law, a party must demonstrate two elements to establish a breach of contract: "'(1) existence of a valid contract and (2) breach of the terms of that contract.'" *One Beacon Ins. Co. v. United Mech. Corp.*, 207 N.C. App. 483, 487, 700 S.E.2d 121, 124 (2010) (citation omitted). Defendant asserts this claim fails because Plaintiff failed to allege any specific contractual breaches. Plaintiff argues that its breach of contract claim is founded upon both Defendant's breach of the TLA's express terms, as well as its willful and continuous acts designed to deny Plaintiff the benefits bargained for in the TLA. For example, Plaintiff alleges that Section 8.4 of the TLA provides that parties may not unilaterally force modifications or amendments to the TLA. (Am. Compl. ¶ 13). Plaintiff also alleges that it has performed under the TLA and that Defendant has breached the agreement by demanding a forced modification of the TLA and an unlawful payment of $10,000.00 in addition to the consideration it has already received. (*Id.* at ¶¶ 13). Moreover, the Amended Complaint is replete with allegations of Defendant's bad faith attempts to intimidate Plaintiff and deny it the use of the licensed

technology. (*See, e.g.*, *id.* at ¶¶ 14-25, 29-43).

Contracts are composed of express and implied terms. *See Maglione v. Aegis Family Health Ctrs.*, 168 N.C. App. 49, 56, 607 S.E.2d 286, 291 (2005) (citation omitted). While express terms encompass the actual language of the agreement, implied terms include any terms that would be "necessarily implied 'to effect the intention of the parties,' and which are not in conflict with the express terms." *Id.* (citation omitted). "In every contract there is an implied covenant of good faith and fair dealing that neither party will do anything which injures the right of the other to receive the benefits of the agreement." *Bicycle Transit v. Bell,* 314 N.C. 219, 228, 333 S.E.2d 299, 305 (1985). Thus, parties are bound by both the express and implied terms, including good faith requirements, necessary to effectuate the bargain they struck.

Breach of the contract could occur through a violation of the express or implied provisions therein. Plaintiff generally asserts that the TLA's explicit provision governing contract modifications or amendments, [Doc. No. 13-2, § 8.4; *see also* Doc. No. 13, ¶ 13], should be interpreted to mean "that parties may not unilaterally force modifications or amendments to the TLA." [Doc. No. 26, 5]. When drawing reasonable inferences in the Plaintiff's favor, this language provides a plausible interpretation of the modification clause. As such, Defendant's allegedly heavy-handed tactics to force modification negotiations may violate the express terms of the contract. Plaintiff also alleges that Defendant accused it of material breaches despite evidence to the contrary. [*See, e.g.*, Doc. No. 19-2, ¶ 43]. Specifically, Plaintiff claims that Defendant's "repeated notices of breach and attempted termination and forced modification of the TLA [constitute] a breach of [Defendant's] duties under that agreement." [Doc. No. 13-2, ¶ 48]. Because good faith requires that a party act with ordinary care and not prevent the other party from receiving the benefits of the agreement, Plaintiff has alleged sufficient facts to state a

4

plausible claim for breach of the implied good faith duty. Thus, as Plaintiff has alleged both (1) a breach of an express term of the contract (e.g., Section 8.4) and (2) Defendant's efforts to injure Plaintiff's rights to receive the benefits of the TLA, Plaintiff has easily satisfied its pleading burden and stated a plausible cause of action for breach of contract.

Accordingly, Defendant's motion to dismiss Count I of the Amended Complaint is denied.

## II.     Unfair and Deceptive Trade Practices:

North Carolina General Statute 75-1.1 makes unlawful "unfair or deceptive acts or practices and unfair or deceptive methods of competition in or affecting commerce." N.C. Gen. Stat. § 75-1.1.  In order to establish an actionable claim under this statute, a plaintiff must sufficiently allege: "(1) an unfair or deceptive act or practice, (2) in or affecting commerce, and (3) which proximately caused injury to plaintiffs." *Gray v. N.C. Ins. Underwriting Ass'n,* 352 N.C. 61, 68, 529 S.E.2d 676, 681 (2000) (citations omitted).

Defendant asserts that Plaintiff's claim should be dismissed because it failed to allege a monetary injury.  However, the Amended Complaint does allege monetary damages caused by the diversion of resources to address Defendant's accusations of breach and other contractual issues, and through investment in the licensed technology itself.  Specifically, Plaintiff alleges that Defendant's "outrageous and unfair and deceptive conduct has caused [Plaintiff] to expend time and valuable resources in dealing with [Defendant]'s baseless assertions of breach. As a result, [Plaintiff] has suffered damages." (Am. Compl. ¶ 45).  Moreover, Plaintiff's Amended Complaint further notes Plaintiff's substantial investment in the TLA (e.g., $100,000 cash payment, the interest proceeds on the $250,000 promissory note, and the costs incurred in obtaining FDA approval)— will be lost if Defendant's deceitful conduct is allowed to continue.

5

(*Id.* at ¶ 45). Accordingly, Plaintiff has sufficiently stated a claim for unfair or deceptive trade practices in violation of N.C. Gen. Stat. § 75-1.1.

    IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Counts I and III of Plaintiff's Amended Complaint is hereby DENIED.

Signed: November 21, 2013

Graham C. Mullen
United States District Judge